IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| GRINNELL MUTUAL REINSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.  09-3224 |
| JAMES FERANDO, KEVIN MCCOY, and CHAD MCCOY | ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION**

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Defendants Kevin McCoy and Chad McCoy's Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Brief in Support (d/e 6), and Defendant James Ferando's Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Brief in Support (d/e 8).  Grinnell Mutual Reinsurance Company (Grinnell) has filed Plaintiff's Response to the Motions to Dismiss Filed by Defendants, James Ferando, Kevin McCoy and Chad McCoy (d/e 9) and Plaintiff's Memorandum of Law in Response to

1

the Motions to Dismiss Filed by Defendants, James Ferando, Kevin McCoy and Chad McCoy (d/e 10). For the reasons stated below, Defendants' Motions to Dismiss are DENIED.

FACTS

Plaintiff Grinnell is an Iowa corporation with its principal place of business in Iowa. Complaint (d/e 1), ¶ 1. Defendant James Ferando is an Illinois citizen who is in the custody of the Illinois Department of Corrections and is incarcerated at the Taylorville Correctional Center in Taylorville, Christian County, Illinois. Id., ¶ 2. Prior to his incarceration, Ferando resided in Madison County, Illinois. Motion to Dismiss (d/e 6), Ex. A, Declaration of Daniel Kevin McCoy. Defendants Kevin McCoy and Chad McCoy are Illinois citizens who reside in Madison County, Illinois. Complaint, ¶ 3.

On November 8, 2006, Plaintiff Grinnell issued lessor's risk insurance policy number 0000185576 (Lessor's Policy) to Ferando. Id., Ex. B, Lessor's Risk Policy. The Lessor's Policy was effective from November 9, 2006, to November 9, 2007. Id. On December 2, 2006, Grinnell and Heartland Mutual Insurance Company (Heartland), an Illinois corporation with its principal place of business in Belleville, St. Clair County, Illinois,

issued renter's insurance policy number 34057 (Renter's Policy) to Ferando. Complaint, ¶ 5. The Policy was effective from December 2, 2006, to December 2, 2007. Id., Ex. A, Renter's Insurance Policy. Under the Renter's Policy, Grinnell was the direct insurer of liability coverage, and Heartland was the direct insurer of property coverage. Response to Motion to Dismiss (d/e 10), Ex. A, Affidavit of Wayne Clark, ¶ 3. According to Jimmy R. Smith (Smith), Heartland's secretary and manager, Heartland "has no interest in any liability coverage provided by the Renter's Insurance Policy." Id., Ex. B, Affidavit of Jimmy R. Smith, ¶ 5. Heartland is an Illinois farm mutual insurance company and, as such, is limited by Illinois law to issuing property, as opposed to liability, coverage. Id., ¶ 7; see 215 ILCS 120/10.

On September 24, 2007, Ferando was arrested and charged with attempted murder, aggravated discharge of a firearm, and aggravated unlawful restraint with a deadly weapon after he fired several shots at the vehicle in which Defendants Kevin and Chad McCoy were riding. Complaint, Ex. C, People v. Ferando, Madison County Circuit Court Case No. 07-CF-2192, Amended Indictment. Ferando pleaded guilty to the aggravated discharge of a firearm and aggravated unlawful restraint charges

on December 17, 2008, in the Circuit Court of Madison County, Illinois, and was sentenced to four years imprisonment in the Illinois Department of Corrections. Id., Ex. D, People v. Ferando, Madison County Circuit Court Case No. 07-CF-2192, Order of December 17, 2008.

The McCoys filed a state court action against Ferando on March 25, 2009, in the Circuit Court of Madison County, Illinois (Madison County Case). Id., Ex. F, McCoy v. Ferando, Madison County Circuit Court Case No. 09-L-306, Complaint. The McCoys seek compensatory and punitive damages from Ferando based on the events of September 24, 2007. Id. Ferando asserts that Plaintiff Grinnell, under the Lessor's Policy and the Renter's Policy, is required to cover any losses he may incur as a result of the Madison County Case, and that Grinnell has a duty to defend and indemnify him in the Madison County Case. Complaint, ¶ 11-12.

Grinnell then filed its ten-count Complaint in this action on September 4, 2009, seeking a declaration that it has no duty to defend, indemnify, or cover any losses related to the Madison County Case under the Renter's Policy or the Lessor's Policy issued to Ferando. Id. As far as the Renter's Policy goes, Grinnell asserts that the Renter's Policy "does not provide insurance coverage, or defense of same, for damages or claims for

4

bodily injury resulting from or in the course of a crime or an offense of a violent nature." Id., ¶ 13. Attached to the Renter's Policy is a Punitive Damages Exclusion form, disclaiming any liability for punitive damages. Id., ¶ 23-24. The property coverage portion of the Renter's Policy covers the property known as 401 West Bethalto Drive, Bethalto, Illinois (Bethalto Premises). Id., Ex. A, Renter's Insurance Policy.

In terms of the Lessor's Policy, Grinnell, quoting the Lessor's Policy, states that it only applies to injuries or property damages arising out of the "'ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises.'" Id., Count VI, ¶ 43. The premises shown on the Schedule is the Bethalto Premises. Id., ¶ 42. Grinnell asserts that the September 24, 2007, shooting did not arise out of the "ownership, maintenance or use" of the premises. Id., ¶ 45.

All Defendants then moved to dismiss this case under Federal Rule of Civil Procedure 12(b).[1]

## ANALYSIS

The Defendants present two grounds for dismissing Plaintiff's

---

[1] Defendant Ferando's Motion is a two-page document that adopts and incorporates by reference the McCoy Defendants' Motion and Memorandum. Fernando Motion to Dismiss (d/e 8).

5

Complaint. The first is that this Court does not have subject-matter jurisdiction over the action under 28 U.S.C. § 1332 and Federal Rule of Civil Procedure 12(b)(1). In the alternative, Defendants argue that even if the Court does have subject-matter jurisdiction, under 28 U.S.C. § 1391 and Federal Rule of Civil Procedure 12(b)(3), venue is improper in the Central District of Illinois.

The Court will address each argument in turn.

I.  LACK OF SUBJECT-MATTER JURISDICTION

Defendants' first argument is that the Court does not have subject-matter jurisdiction over this case because there is not complete diversity of citizenship as required by 28 U.S.C. § 1332. While Defendants admit that there is complete diversity between the named parties, they maintain that Grinnell has failed to join Heartland to this action, and that Heartland is a necessary party under Federal Rule of Civil Procedure 19. Once Heartland is joined, the argument goes, complete diversity will be destroyed, because Heartland is an Illinois citizen. Plaintiff counters that there is complete diversity because Heartland is not an indispensable party under Rule 19.

Diversity jurisdiction exists when the amount in controversy exceeds $75,000, and when the case is between citizens of different states. 28

U.S.C. § 1332(a)(1). An individual is a citizen of his state of domicile for diversity jurisdiction purposes. Dausch v. Rykse, 9 F.3d 1244, 1245 (7th Cir. 1993). An individual's domicile is established by "physical presence in a state, with intent to remain there . . . ." Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). A corporation is a citizen both of its state of incorporation, and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). When evaluating whether there is diversity of citizenship, the Court considers the citizenship of all named parties in addition to that of unnamed indispensable parties and real parties in interest. F. & H.R. Farman-Farmaian Consulting Engineers Firm v. Harza Engineering Co., 882 F.2d 281, 284 (7th Cir. 1989); see also CCC Info. Servs., Inc. v. American Salvage Pool Ass'n, 230 F.3d 342, 346 (7th Cir. 2000).

In this case, it is undisputed that there is complete diversity of citizenship between the named parties. Grinnell is a citizen of Iowa because it is both incorporated and has its principal place of business in Iowa. All Defendants are citizens of the State of Illinois. However, if Heartland is an indispensable party and must be added as a plaintiff to this action, diversity of citizenship would be destroyed. Heartland is incorporated in Illinois and

has its principal place of business in Illinois. Therefore, the relevant inquiry is whether Heartland is an indispensable party under Federal Rule of Civil Procedure 19.

Under Federal Rule 19(a)(1), a party must be joined if:

(A)   in that person's absence, the court cannot accord complete relief among existing parties; or

(B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(I)   as a practical matter impair or impede the person's ability to protect the interest; or

(ii)   leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1). Rule 19 entails a two-step process. First, the Court must determine whether the party is, in fact, necessary. Thomas v. United States, 189 F.3d 662, 667 (7th Cir. 1999). In making this initial decision, the Court looks to: (1) whether full relief can be granted in the party's absence; (2) whether the party's ability to protect its interests will be adversely effected; and (3) whether "the existing parties will be subjected to a substantial risk of multiple or inconsistent obligations" in the party's absence. Davis Companies v. Emerald Casino, Inc., 268 F.3d 477, 481 (7th

Cir. 2001); <u>Thomas</u>, 189 F.3d at 667. If the Court decides that the party in question is necessary but cannot be joined to the lawsuit, the Court moves on to the second step, where it decides whether the lawsuit can continue in the party's absence. <u>Thomas</u>, 189 F.3d at 667; FED. R. CIV. P. 19(b).

Here, Defendants summarily state that "Heartland is a real party in interest and an indispensable party that has been left out," but fail to provide the Court with authority and argument supporting their conclusion. <u>See</u> <u>Motion to Dismiss (d/e 6)</u>, 3. Plaintiff argues that Heartland is neither a real party in interest nor an indispensable party because: (1) the property coverage portion of the Renter's Policy clearly does not cover the shooting incident; (2) Heartland is an Illinois farm mutual insurance company limited by state law to providing property, not liability, coverage; and (3) Ferando has made demand only on Plaintiff for coverage in relation to the Madison County Case. Plaintiff submits the Affidavits of Grinnell and Heartland executives to support its position. <u>See</u> <u>Response</u>, Exs. A & B, <u>Affidavit of Wayne Clark</u> & <u>Affidavit of Jimmy R. Smith</u>.

The Court finds that Heartland is not a necessary party to this litigation. Heartland's absence will not affect Defendants' ability to obtain

9

full relief from Plaintiff in the event that it has a duty to defend and indemnify Ferando. Defendants have presented the Court with no argument or evidence to the contrary. Furthermore, Heartland's interests will not be impaired because its corporate officer has sworn under oath that Heartland has no interest whatsoever in this lawsuit or in the Madison County Case. <u>Response</u>, Ex. B, <u>Affidavit of Jimmy R. Smith</u>, ¶ 8. Heartland is not an insurer on the Lessor's Policy, and is listed only as the "Property Insurer" on the Renter's Policy. <u>Complaint</u>, Ex. A, <u>Renter's Insurance Policy</u>. Section I of the Renter's Policy governs the property coverage portion of the policy, and clearly states that the "insured location" is the Bethalto Premises. <u>Id.</u> Illinois law limits Heartland, as a farm mutual, to insuring certain types of property, and does not permit Heartland to issue liability coverage. 215 ILCS 120/10. The Madison County Case and this case relate to alleged personal injuries sustained by the McCoy Defendants when Defendant Ferando discharged a firearm several times at their vehicle while driving in Bethalto, Illinois. Neither suit relates to Ferando's ownership, maintenance, or use of the Bethalto Premises that is insured by Heartland in Section I of the Renter's Policy. Heartland has no interest in this case, and it follows that it is not a necessary party under Rule 19.

Accordingly, the Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and therefore declines to dismiss it for lack of subject-matter jurisdiction.

II.     IMPROPER VENUE

Defendants' second argument is that the Court should dismiss the case because venue is improper in the Central District of Illinois. Plaintiff maintains that venue is proper in the Central District, but alternatively argues that if the Court disagrees, it should transfer the case to the proper venue, rather than dismiss it.

In a diversity action, venue is proper in any district where a single defendant resides if all defendants reside in the same state, in any district where "a substantial part of the events or omissions giving rise to the claim occurred," or in a district where any defendant is subject to personal jurisdiction if there is no other available venue. 28 U.S.C. § 1391(a). A defendant is said to reside at his place of domicile, and residence for venue purposes is determined at the time the lawsuit is filed. Denlinger, 87 F.3d at 216. Domicile is voluntary, and thus "the domicile of a prisoner before he was imprisoned is presumed to remain his domicile while he is in prison." Sullivan v. Freeman, 944 F.2d 334, 337 (7th Cir. 1991); see Denlinger, 87

F.3d at 216 (quoting Sullivan); Holmes v. U.S. Bd. of Parole, 541 F.2d 1243, 1249-50 (7th Cir. 1976), *overruled on other grounds by* Arsberry v. Sielaff, 586 F.2d 37 (7th Cir. 1978) ("We see no reason for purposes of venue under section 1391 to ascribe to [the defendant] the residence of his district of incarceration rather than the district of his domicile."); accord Kahane v. Carlson, 527 F.2d 492, 493-94 (2nd Cir. 1975); Ellinburg v. Connett, 457 F.2d 240, 241 (5th Cir. 1972); Cohen v. United States, 297 F.2d 760, 774 (9th Cir. 1962) ("One does not change his residence to the prison by virtue of being incarcerated there.").

In this case, venue does not lie in this District under § 1391(a)(1). Defendants Kevin McCoy and Chad McCoy are residents of Bethalto, Madison County, Illinois, which falls within the jurisdictional boundaries of the U.S. District Court for the Southern District of Illinois. Defendant James Ferando is incarcerated in Taylorville, Christian County, Illinois, which is within the jurisdiction of the U.S. District Court for the Central District of Illinois. However, it is inappropriate to treat the Taylorville Correctional Center as Ferando's residence for venue purposes simply because he is imprisoned there. Ferando's presence in the Central District of Illinois is involuntary and has been so since this suit was filed, and there

is no evidence suggesting that he intends to make his home within the Central District of Illinois after he has served his sentence. This is particularly so given the fact that Ferando resided in Madison County, Illinois, for at least thirty years preceding his incarceration. Motion to Dismiss (d/e 6), Ex. A, Declaration of Daniel Kevin McCoy.

Furthermore, venue in this District cannot be predicated upon the grounds listed in § 1391(a)(2), because the events giving rise to this lawsuit did not occur in the Central District of Illinois. Both the Lessor's Policy and the Renter's Policy were signed in the Southern District of Illinois and pertain to real property located in that district. The criminal conduct that precipitated the Madison County Case and Ferando's demand on Plaintiff occurred in the Southern District of Illinois. Nor can venue in this District arise under § 1391(a)(3), as it is clear that the Southern District of Illinois is an available forum for this action.

When the plaintiff's chosen venue is improper, a federal district court must do one of two things. 28 U.S.C. § 1406(a). The first option is to dismiss the case without prejudice. See 28 U.S.C. § 1406(a); Farmer v. Levenson, 79 Fed.Appx. 918, 922 (7th Cir. 2003) (holding that "a dismissal for improper venue should be without prejudice"). The second option is to

transfer the case to an appropriate venue if the interests of justice so require. 28 U.S.C. § 1406(a). The court has "broad discretion to grant or deny a motion to transfer the case." Cote v. Wadel, 796 F.2d 981, 986 (7th Cir. 1986).

Defendants have asked the Court to dismiss the case in its entirety, while Plaintiff has requested a transfer of venue. The Court finds that it is in the interests of justice and efficiency to transfer, rather than dismiss, the case. This case is hereby transferred to the U.S. District Court for the Southern District of Illinois.

THEREFORE, Defendants Kevin McCoy and Chad McCoy's Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Brief in Support (d/e 6) and Defendant James Ferando's Motion to Dismiss Pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and Brief in Support (d/e 8) are DENIED. Plaintiff's request for transfer of venue contained in the Response to the Motions to Dismiss Filed by Defendants, James Ferando, Kevin McCoy and Chad McCoy (d/e 9) is GRANTED. This case is hereby transferred to the U.S. District Court for the Southern District of Illinois.

IT IS THEREFORE SO ORDERED.

ENTER: November 17, 2009

FOR THE COURT:

                                                    s/ Jeanne E. Scott
                                              JEANNE E. SCOTT
                                 UNITED STATES DISTRICT JUDGE